IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**VICTOR LIVERMON,**

    Petitioner,

v.                                                Civil Action No. **3:19CV487**

**HAROLD W. CLARKE,**

    Respondent.

## MEMORANDUM OPINION

Victor Livermon, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1) challenging his conviction in the Circuit Court for the Isle of Wight County, Virginia (hereinafter, "Circuit Court"). Respondent Harold W. Clarke filed a Motion to Dismiss alleging that the relevant statute of limitations bars Livermon's claims. ("Motion to Dismiss," ECF No. 8.) On November 20, 2019, the Magistrate Judge issued a Report and Recommendation ("R. & R.") that recommended granting the Motion to Dismiss and denying Livermon's § 2254 Petition. (ECF No. 13.) Livermon timely filed an Objection to the R&R. ("Objection," ECF No. 14.) On December 23, 2019, Livermon filed a Motion for Leave to File an Amended Complaint based on "newly discovered facts" regarding his case. ("Motion for Leave to Amend," ECF No. 15.) For the reasons that follow, Livermon's Objections will be OVERRULED, the Motion to Dismiss will be GRANTED, the Motion for Leave to Amend will be DENIED, and Livermon's § 2254 Petition will be DENIED.

## I. BACKGROUND

The Magistrate Judge made the following findings and recommendations:

### A. Procedural History

    Following a guilty plea, Livermon was convicted of two counts of distribution of cocaine second offense and one count of distribution of cocaine third offense. (ECF No. 10-1, at 1.) On June 29, 2016, the Circuit Court entered

final judgment and sentenced Livermon to an active sentence of 16 years. (*Id.* at 2.) Livermon did not appeal. (§ 2254 Pet. 2.)

On September 6, 2016, Livermon filed a *pro se* motion to withdraw his guilty plea. Motion for Withdrawal of Plea Agreement 1, *Commonwealth v. Livermon*, Nos. CR16–66 to CR16–68 (Va. Cir. Ct. filed Sept. 6, 2016) (incorrection citation number omitted). On September 7, 2016, the Circuit Court denied Livermon's motion to withdraw his guilty plea. *Commonwealth v. Livermon*, Nos. CR16–66 to CR16–68 (Va. Cir. Ct. Sept. 7, 2016) (incorrect citation number omitted).

On June 28, 2017, Livermon filed a petition for a writ of habeas corpus with the Circuit Court. (ECF No. 10–4, at 2.) On March 7, 2018, the Circuit Court denied Livermon's state habeas petition. (ECF No. 10–5, at 11.) Livermon appealed that decision. *See Livermon v. Clarke*, No. 180585 (Va. Feb. 26, 2019). On February 26, 2019, the Supreme Court of Virginia refused Livermon's petition for appeal. *Id.*

On April 22, 2019, Livermon filed the instant § 2254 Petition.[1] In his § 2254 Petition, Livermon raises the following claims for relief:

> Claim One   "Petitioner's motion to withdraw his guilty plea is based upon ineffective assistance of counsel." (ECF No. 2, at 5.)[2]
>
> Claim Two   "Writ of habeas corpus on ineffective assistance of counsel on guilty [plea]." (*Id.* at 6.)

Essentially, Livermon contends that he received ineffective assistance in conjunction with his guilty plea because counsel failed to inform Livermon how his convictions would impact his suspended sentence for which Livermon was on probation.

**B. Analysis**

**1. Statute of Limitations**

Respondent contends that the federal statute of limitations bars Livermon's claims. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in

---

[1] This is the date on which the Livermon swears that he deposited his § 2254 Petition into the prison mail system. (ECF No. 2, at 16). The Court deems Livermon's § 2254 Petition to be filed as of this date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). The Court corrects the capitalization, punctuation, and spelling in the quotations from Livermon's submissions.

[2] During his guilty plea proceedings, Livermon acknowledged that he was on probation during the period of time that he committed the offense to which he was pleading guilty. (ECF No. 10–3, at 10.) Livermon further acknowledged that his guilty plea "could have some effects or consequences on that status." (*Id.*)

2

custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

> **1.** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> **2.** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### 2. Commencement and Running of the Statute of Limitations

Under 28 U.S.C. § 2244(d)(1)(A), Livermon's conviction became final on Friday, July 29, 2016, when the time to note an appeal expired. *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))); *see* Va. Sup. Ct. R. 5:A6 (requiring notice of appeal to be filed within thirty days after judgment).

### 3. Statutory Tolling

The limitation period began to run on July 30, 2016 and ran for 331 days before Livermon filed a petition for a writ of habeas corpus with the Circuit Court.[3] *See* 28 U.S.C. § 2254(d)(2). The limitation period remained tolled until the Supreme Court of Virginia refused Livermon's petition for appeal from the

---

[3] The Court assumes the limitation period was tolled for the two days that Livermon's Motion for Withdrawal of Plea Agreement was pending before the Circuit Court.

denial of his state habeas petition on February 26, 2019. *Id.* The limitation period began running on February 27, 2019 and ran for another 54 days before Livermon filed his § 2254 Petition. Because the limitation period ran for 385 days, the § 2254 Petition is barred by the statute of limitations unless Livermon demonstrates that he is entitled to a belated commencement of the limitation period or that some equitable exception allows him to avoid the limitation period. Neither Livermon nor the record suggests any plausible basis for equitable tolling[4] or a belated commencement of the limitation period under 28 U.S.C. § 2244(d)(1)(B)–(D). Accordingly, the statute of limitations bars the § 2254 Petition.

## II. STANDARD OF REVIEW

"The magistrate [judge] makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). This Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). "[W]hen a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations," *de novo* review is unnecessary. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (citations omitted).

## III. LIVERMON'S OBJECTIONS

Although Livermon failed to comply with the Court's directive that his "objections [] be numbered," (ECF No. 13, at 5), the Court construes Livermon's Objection to raise two challenges to the R&R.

---

[4] The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

4

### A. Livermon's First Objection

Livermon's Objection first challenges the application of the one-year statute of limitations to his § 2254 Petition. (Obj. 7–9, ECF No. 14.) Livermon seems to assert that the R&R miscalculated the one-year statute of limitations because he had 90 days to appeal to the United States Supreme Court the Virginia Supreme Court's refusal of his habeas petition. (*Id.* at 9.) More specifically, Livermon argues that the "Respondent didn't applied [sic] the Virginia Supreme court ruling taking into account that, the petitioner case was still pending when the Circuit Court denied the petitioner's state writ of habeas corpus." (*Id.* at 8.)

As the R&R explains, the AEDPA places a one-year limitations period on the filing of federal petitions for writs of habeas corpus that state prisoners bring pursuant to 28 U.S.C. § 2254. For state prisoners, the limitations period is statutorily tolled for the time during which a properly filed application for state post-conviction or other collateral review remains pending. 28 U.S.C. § 2244(d)(2). Because "[t]olling merely pauses the clock, [and] does not restart anew the limitations period," Federal Habeas Manual § 9A:43 (2019), the limitations period resumes when the state court issues a ruling on collateral review.

Relevant to Livermon's Objection, a petitioner is not entitled to statutory tolling for the period available to file a petition for writ of certiorari to the United States Supreme Court following *state collateral review*, even if a petition for certiorari is filed, because the Supreme Court "is not a part of a state's post-conviction procedures." *Lawrence v. Florida*, 549 U.S. 327, 332 (2007) ("The application for state postconviction review is therefore not 'pending' after the state court's postconviction review is complete, and § 2244(d)(2) does not toll the 1–year limitations period during the pendency of a petition for certiorari."). This contrasts with the period between state court finality *on direct appeal* and the time available to file a petition for certiorari in the United States Supreme Court, in which case the limitations period has not yet

5

commenced. *See* Federal Habeas Manual § 9A:66, 2019 (collecting cases). Thus, the limitations period is not tolled between the completion of state post-conviction review and the filing of an application for post-conviction review in federal court.

Applying the statutory tolling rules to Livermon's case, the limitation period began to run on July 30, 2016 and ran until June 28, 2017—331 days later—when Livermon filed his state habeas petition. Then, as the R&R correctly noted, "[t]he limitation period remained tolled until the Virginia Supreme Court refused Livermon's petition for appeal from the denial of his state habeas petition on February 26, 2019." (R. & R. 4, ECF No. 13.) After the Virginia Supreme Court refused Livermon state habeas relief, the one-year limitations period began running again on Wednesday, February 27, 2019, and it expired roughly 35 days later, on Tuesday, April 2, 2019. (R. & R. 4.) Livermon filed the instant § 2254 Petition no earlier than April 22, 2019. (*See Livermon v. Clarke*, No. 19cv324 (E.D. Va. 2019) ECF No. 1.) As a result, the one-year statute of limitations bars Livermon's § 2254 Petition. Accordingly, Livermon's first objection regarding the R&R's calculation of the timeliness of his § 2254 Petition will be overruled.

### B.  Livermon's Second Objection

Livermon raises a general objection that the "running of the time should have been equitably tolled." (Obj. 8, ECF No. 14.) Livermon has not demonstrated the requisite due diligence to warrant belated commencement of the limitation period or to qualify his claims for equitable tolling.

The Supreme Court of the United States has made clear "that § 2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling of petitions "for collateral review is available only when a defendant demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Whiteside v. United States*, 775 F.3d 180, 184 (4th

6

Cir. 2014) (internal quotation marks and citation omitted). Within these parameters, "equitable tolling is appropriate in those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.* (internal quotation marks and citation omitted).

Here, Livermon fails to allege that he has diligently pursued his rights and that extraordinary circumstances prevented him from timely filing his § 2254 Petition. Apart from recounting the procedural history of his case and simply requesting that this Court equitably toll the relevant limitations period, Livermon does not set forth a basis for equitable tolling. This vague and general assertion does not present the Court with a "rare instance" that warrants equitable tolling. As a result, the Court sees no reason to equitably toll the statute of limitations. Accordingly, Livermon's second objection will be overruled.

## IV. LIVERMON'S MOTION FOR LEAVE TO AMEND

In his Motion for Leave to Amend, Livermon generally seeks to add *Strickland* claims to his § 2254 Petition, alleging that he received ineffective assistance of counsel when he entered his guilty plea. After reviewing the allegations in Livermon's Motion for Leave to Amend, the Court finds that the Motion must be denied as futile because such claims are time-barred.

Federal Rule of Civil Procedure 15(a) provides:

A party may amend its pleading once as a matter of course within:

> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

(2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a). "Under Rule 15(a) leave to amend shall be given freely, absent bad faith, undue prejudice to the opposing party, *or futility of amendment.*" *United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000) (emphasis added)); *see also Mayle v. Felix*, 545 U.S. 644, 654–55 (2005) (recognizing applicability of Rule 15(a) to § 2254 petitions). While Rule 15(a) grants district courts broad discretion to grant or deny a party's motion to amend, it nonetheless provides that "leave [to amend] shall be freely given when justice so requires." Caselaw interpreting the rule makes clear, however, that a court must not grant leave to amend if the requested amendment would be futile, *i.e.*, if the added claim would surely fail. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613–14 (4th Cir. 1980)

Here, Livermon filed his Motion for Leave to Amend nearly eight months after filing his § 2254 Petition, nearly four months after Respondent filed his Motion to Dismiss, and one month after the Magistrate Judge issued the R&R recommending that this Court deny his petition. As a result, Livermon may not amend his pleading as a matter of course. Rather, Livermon may only amend his § 2254 Petition with Respondent's written consent or the Court's leave. Fed. R. Civ. P. 15(a)(2).

Although Livermon asserts that his belatedly-raised claims stem from "newly discovered facts," the information on which he relies derives from his case. (Mot. for Leave 4, ECF No. 15.) First, Livermon contends that here was "no returne [sic] of an indictment in open court by the grand jury or any members thereof. Which deprived the court of jurisdiction to prosecute the petitioner." (*Id.*) This does not amount to a newly-discovered factual predicate sufficient to evade the statute of limitations. Additionally, Livermon asserts that his counsel rendered insufficient assistance when negotiating his plea agreement because "[t]he only reason petitioner accepted the plea package was due to his fare [sic] of possibly receiving a much higher sentence

8

if the charge of second and third offense was resurrected." (*Id.* at 5.) But this information concerning the charged offenses and his plea was always known to Livermon and does not create a foundation for avoiding the statute of limitations years after he entered his guilty plea. Moreover, this allegation presents a reasonable explanation for why Livermon entered his plea and does not show that his counsel rendered ineffective assistance.

Livermon further contends that his counsel inappropriately represented his codefendant and that "[h]ad petitioner knew [sic] that his attorney had represented [her], he would not have allowed counsel to represent him, nor would he have pled guilty." (*Id.* at 7.) Again, Livermon does not show how this amounts to newly-discovered facts sufficient to overcome the statute of limitations period, nor does he allege that this representation prejudiced him in any way other than making a blanket assertion that he did not receive adequate assistance. Lastly, Livermon asserts that the confidential informant in his case was not credible and that he should have known about "the issues with regard to the confidential informant . . . prior to petitioner entering his plea." (*Id.*) Livermon does not explain how information regarding the confidential informant amounts to an ineffective assistance of counsel claim, nor does he explain how this information allows him to overcome the statute of limitations. Because Livermon failed to file his § 2254 Petition and the Motion for Leave to Amend within the one-year limitations period, the statute of limitations bars his claims and the Court will deny the Motion for Leave to Amend as futile.

Accordingly, the Report and Recommendation will be ACCEPTED and ADOPTED.

## V. CONCLUSION

Livermon's Objections (ECF No. 14) will be OVERRULED. The Report and Recommendation (ECF No. 13) will be ACCEPTED and ADOPTED. The Motion to Dismiss (ECF No. 8) will be GRANTED and the Motion for Leave to Amend will be DENIED (ECF No.

15). The § 2254 Petition (ECF No. 1) will be DENIED. Livermon's claims and the action will be DISMISSED.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this requirement only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Livermon fails to meet this standard. A certificate of appealability will therefore be DENIED.

An appropriate Order will accompany this Memorandum Opinion.

/s/

M. Hannah Lauck
United States District Judge

Date: **DEC 27 2019**
Richmond, Virginia

10